UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PETER PAPASAVVAS,

    Petitioner,         Civ. No. 23-22165 (RK)

v.

BRUCE DAVIS,            **MEMORANDUM & ORDER**

    Respondent.

**KIRSCH, District Judge**

  Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. On December 4, 2023, the Court ordered Respondent to file a response to Petitioner's habeas petition. *See* ECF No. 2. That order stated that Respondent's response shall comply with Rule 5(c) and (d) of the Rules Governing Section 2254 cases and that Respondent shall provide the *relevant* state court record of proceedings. *See* ECF No. 2 at 2 (emphasis added). The cited habeas rules state as follows:

> (c) Contents: Transcripts. The answer must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of the existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.
>
> (d) Contents: Briefs on Appeal and Opinions. The respondent must also file with the answer a copy of:
>> (1) any brief that the petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding;

> (2) any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and
> (3) the opinions and dispositive orders of the appellate court relating to the conviction or the sentence.

Rule 5(c) and (d) of the Rules Governing Section 2254 Cases.

On April 18, 2024, Respondent filed his response in opposition to Petitioner's habeas petition along with numerous exhibits. *See* ECF Nos. 10-23. The exhibits filed encompass over 4,000 pages and essentially cover the entire state court record in this case. Respondent's response includes an indexed list of the exhibits. *See* ECF No. 10 at 23-30.

On May 1, 2024, Petitioner filed a letter with the Court indicating that while Respondent served him with a copy of his response in opposition to Petitioner's habeas petition, Respondent did not include copies of the exhibits attached to his response. *See* ECF No. 25. Petitioner states that he needs the exhibits so that he can file a reply brief in support of his habeas petition.

Courts within this District have held that a respondent shall serve exhibits attached to a § 2254 response on a petitioner. *See Pindale v. Nunn*, 248 F. Supp. 2d 361, 366-67 (D.N.J. 2003); *see also Amin v. Davis*, No. 11-3312, 2012 WL 6021666, at *1-2 (D.N.J. Nov. 19, 2012). Indeed, in *Pindale*, the Court analyzed the interplay between the Rules Governing Section 2254 Habeas Cases – most notably Rule 5; the Federal Rules of Civil Procedure – most notably Rule 12; and this Court's Local Rules – most notably Rule 81.2, in stating the following:

> the Court holds that service of the documents filed with and attached to an answer is required by Habeas Rule 5; moreover, even if service were not explicitly required by Habeas Rule 5, Rules 12(a) and 5(a) of the Federal Rules of Civil Procedure apply to § 2254 cases through Habeas Rule 11, *supra,* and compel this result. Rule 12(a) requires service of an answer and Rule 5(a) generally requires service of filed papers on all parties not in default. This result also underlines the importance of assuring that a Section 2254 petitioner is afforded the one full, final opportunity to seek relief from his or

> her state conviction under the Anti Terrorism [sic] and Effective Death Penalty Act of 1996 ("AEDPA"), removing any doubt that the petitioner receives the documents filed by the State in supplying the record for adjudicating the federal habeas petition.

*Pindale*, 248 F. Supp. 2d at 367. In *Amin*, a court within this District granted a § 2254 petitioner's motion to compel the respondents to supply him with a copy of their response to the habeas petition and the corresponding exhibits from the state court record respondents attached to their response. *See* 2012 WL 6021666, at *1-2.

The Court finds the reasoning in *Pindale* and *Amin* persuasive. Respondent filed essentially the entire state court record with the response. Nevertheless, in light of any potential cost and expense, the Court will allow Respondent to file an amended index of exhibits that complies with the rules and caselaw previously cited, along with any *relevant* state court filings to comply with the March 15, 2024 order. Alternatively, Respondent may of course serve all exhibits to the previously filed response on Petitioner.

Thus, Respondent shall have the opportunity to file and serve on Petitioner an amended index of exhibits along with those corresponding exhibits to the Court that complies with the Court's March 15, 2024 memorandum and order. Respondent may though choose to serve the entire list of exhibits he filed with the response to Petitioner's habeas petition.

Accordingly, IT IS on this 16th day of May, 2024,

ORDERED that Respondent may file and serve on Petitioner an amended index of exhibits for the reasons stated in this memorandum and order, or alternatively, may serve on Petitioner all exhibits filed with the response to Petitioner's habeas petition within thirty (30) days of the date of this memorandum and order; and it is further;

ORDERED that Respondent shall file a certificate of service with the Court when service of any amended index and corresponding exhibits is served, or service of the previously filed exhibits on Petitioner is complete; and it is further

ORDERED that Petitioner shall have forty-five (45) days from the date Respondent files its certificate of service in which to file a reply brief in support of his habeas petition should he elect to do so; and it is further

ORDERED that the Clerk shall serve this memorandum and order on Petitioner by regular U.S. mail.

ROBERT KIRSCH
United States District Judge