UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER PAPASAVVAS, | : |
| Petitioner, | : Civ. No. 23-22165 (RK) |
| v. | : |
| BRUCE DAVIS, | : **MEMORANDUM & ORDER** |
| Respondent. | : |

**KIRSCH, District Judge**

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. On December 4, 2023, the Court ordered Respondent to file a response to Petitioner's habeas petition. *See* ECF No. 2. On April 18, 2024, Respondent filed his response in opposition to Petitioner's habeas petition along with attached exhibits. *See* ECF Nos. 10-23.

Presently pending before the Court is Respondent's motion to seal materials pursuant to L. Civ. R. 5.3. *See* ECF No. 24. David M. Liston, Assistant Prosecutor in the Middlesex County Prosecutor's Office, filed a Certification in Support of Motion to Seal, certifying that Petitioner is confined pursuant to a state court judgment for, among other things, first-degree murder and third-degree aggravated sexual contact. ECF No. 24-1 at ¶ 4. In state court, the State filed a confidential appendix along with its brief in responding to Petitioner's appeal from the denial of motion for post-conviction DNA testing. *Id.* at ¶ 6. That appendix was marked confidential and excluded from public access pursuant to New Jersey Court Rule 1:38-3(a)(2), which requires that "[m]edical, psychiatric, [and] psychological . . . records, reports, and evaluations" be "excluded from public access." *Id.* Respondent has provided that confidential appendix as an exhibit to his response to the instant petition for writ of habeas corpus and marked it Exhibit Ra74. *Id.*

Generally, "[t]here is a strong presumption of public access to judicial records and documents." *In re Zimmermann*, 739 F. App'x 101, 103 (3d Cir. 2018). That presumption, however, "is not absolute" and is rebuttable. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (internal quotation marks and citations omitted). The party moving to seal the records bears the burden of demonstrating why restriction is necessary. *Id.* Pursuant to Local Civil Rule 5.3(c)(3), the moving party must describe:

    (a) the nature of the materials or proceedings at issue;

    (b) the legitimate private or public interest which warrant the relief sought;

    (c) the clearly defined and serious injury that would result if the relief sought is not granted;

    (d) why a less restrictive alternative to the relief sought is not available;

    (e) any prior order sealing the same materials in the pending action; and

    (f) the identity of any party or nonparty known to be objecting to the sealing request.

L. Civ. R. 5.3(c)(3).

In the present case, the Court finds that Respondent has described the nature of the materials at issue in Exhibit Ra74, ECF No. 21, which contains an autopsy report regarding the victim in the state criminal case underlying the present petition, a psychiatric report on Petitioner, a psychological report on Petitioner, and transcripts of two examinations of Petitioner conducted by a psychiatrist. ECF No. 24-1 at ¶ 7. An individual's right to privacy in her medical records is well established, and the Third Circuit has recognized that, "[t]here can be no question that . . . medical records, which may contain intimate facts of a personal nature, are well within the ambit of materials entitled to privacy protection." *Doe v. Delie*, 257 F.3d 309, 315 (3d Cir. 2001) (quoting *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 577 (3d Cir. 1980)) Additionally, the privacy interest in mental health records is demonstrated in New Jersey

Administrative Code § 10A:22-2.7(d), which prohibits the disclosure of certain mental health records, including mental health evaluations generated by a professional, to the inmate absent a court order. *See Hubbard v. D'Ilio*, Civ. No. 14-7258, 2018 WL 2958605, at *7 (D.N.J. June 13, 2018) (recognizing compelling interest in maintaining confidentiality of petitioner's mental health records). Given these considerations, Respondent has adequately demonstrated a legitimate privacy interest which warrants the sealing of Exhibit Ra74.

As to the injury that would result if the relief sought is not granted, Respondent argues that if the documents are not sealed that there would be violation of privacy as to the victim and Petitioner. ECF No. 24-1 at 5. Sealing the documents filed in this action that are replete with private and sensitive medical information of the victim and Petitioner is the least restrictive means available to protect the public and private interests at stake. The interests protected by sealing these documents outweigh the public interest in access to court records. Additionally, there is no prior order sealing these materials.[1] Accordingly, the balance of interests weighs in favor of sealing Respondent's Exhibit Ra74, ECF No. 21. Therefore, Respondent's motion to seal is granted.

Accordingly, IT IS on this 30th day of July, 2024,

ORDERED that Respondent's motion to seal materials in accordance with L. Civ. R. 5.3, ECF No. 24, is hereby GRANTED; it is further

---

[1] Petitioner responded to the motion to seal, indicating he has no objection to the motion if sealing Exhibit Ra74 would not prevent him from having access to the documents. *See* ECF No. 26. On June 10, 2024, David M. Liston, Assistant Prosecutor in the Middlesex County Prosecutor's Office, filed a Certification of Service, certifying that Petitioner has been served with a complete set of Respondent's Exhibits to the Answer to Petitioner's petition for writ of habeas corpus. Therefore, the Court finds Petitioner has no objection to the sealing of the documents.

ORDERED that the Clerk of the Court shall maintain under seal the confidential documents contained in Respondent's answer to Petitioner's petition writ of habeas corpus Exhibits Ra74, ECF No. 21; it is further

ORDERED that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

_____
ROBERT KIRSCH
United States District Judge