UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PETER PAPASAVVAS,

         Petitioner,

v.

BRUCE DAVIS, et al.,

         Respondents.

Civil Action No. 23-22165 (RK)

MEMORANDUM & ORDER

This matter has been opened to the Court by Petitioner Peter Papasavvas's ("Petitioner") motion for pro bono counsel.[1]  (ECF Nos. 29, 35.)  For the reasons explained herein, the Court denies the motion without prejudice.

In his Petition, Petitioner argues that he is entitled to relief under the Supreme Court's decision in *McCoy v. Louisiana*, 584 U.S. 414, 427 (2018) (holding that a "[v]iolation of a defendant's Sixth Amendment-secured autonomy" is a structural error not subject to harmless-error review).  In his motion for pro bono counsel, Petitioner alleges that he has a brain injury, which impairs high level reasoning, judgment, and decision making, and that the papers filed in this Court were submitted by a prison paralegal.  Petitioner also contends that it is unfair to require a brain-injured litigant to represent himself due to the complex nature of his claims.  (*See* ECF No. 29 at 3, 5-8.)

There is no constitutional right to counsel in a federal habeas corpus proceeding.  *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir.

---

[1] ECF No. 35 appears to be a duplicate submission.

1991), *cert. denied*, 503 U.S. 988 (1992), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d).  Courts must appoint counsel in a habeas proceeding only if the district court determines that an evidentiary hearing is required.  *See* Rule 8(c) of the Rules Governing § 2254 Cases; Rule 1(b) of the Rules Governing § 2254 Cases 1(b); 18 U.S.C. § 3006A(a)(2)(B).  Otherwise, a court may appoint counsel to represent a habeas petitioner if it "determines that the interests of justice so require," and that the petitioner is financially unable to obtain adequate representation.  *See* 18 U.S.C. § 3006A(a)(2).  *See also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *Thompson v. D'Ilio*, No. 13-6282, 2018 WL 6182431, at *2 (D.N.J. Nov. 27, 2018).

Here, Petitioner paid the filing fee and has not shown that he is indigent under 18 U.S.C. § 3006A(a)(2)(B).  Even if Petitioner had established his financial eligibility, the Court finds that appointment of counsel is not warranted at this time because the Court may be able to decide the Petition on the papers without a hearing, and Petitioner submitted a response to Respondents' answer with the assistance of a prison paralegal.[2]  (*See* ECF No. 34.)  For these reasons, the Court finds that appointing counsel is not appropriate at this time and denies without prejudice the motion for pro bono counsel.

**IT IS, THEREFORE**, on this 21st day of January 2025,

**ORDERED** that Petitioner's motion for pro bono counsel (ECF Nos. 29, 35) is **DENIED WITHOUT PREJUDICE**; and it is further

---

[2] Prior to issuing a final ruling on the Petition, the Court will assess whether it must conduct a hearing or if appointment of counsel would otherwise benefit the Court in resolving the Petition. If either condition is met, the Court will invite Petitioner to establish his financial eligibility and reapply for counsel.

**ORDERED** that that the Clerk shall send a copy of this Order to Petitioner at the address on file.

ROBERT KIRSCH
United States District Judge